[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15014
Non-Argument Calendar
_____

D. C. Docket No. 04-61127-CV-TEB

SYSTEMS UNLIMITED, INC.,
a Florida Corporation,

                                                       Plaintiff-Appellee,

versus

CISCO SYSTEMS, INC.,
a California corporation,
CISCO SYSTEMS CAPITAL CORPORATION,
a Nevada corporation,
CAPITAL ACQUISITION CORPORATION,
a Delaware corporation,
ASSET ACQUISITION CORPORATION,
a Delaware corporation,

                                                       Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 6, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

This is the companion appeal to case number 06-12357.  There, we affirmed the denial of Systems Unlimited, Inc.'s motion for leave to amend its complaint and the grant of summary judgment to Cisco Systems, Inc. on Systems' claims that Cisco breached the bill of sale contract.

In this appeal, Cisco challenges the district court's order denying its motion for attorneys' fees.  Cisco contends that while the bill of sale at issue in this litigation did not contain an attorneys' fees provision, a separate settlement agreement between it and Systems did contain one.  Cisco argues that the settlement agreement should be read in conjunction with the bill of sale to require that Systems pay attorneys' fees as the losing party.

This is the same type of argument that Systems made in the 06-12357 appeal from the summary judgment for Cisco.  There, Systems argued that the settlement agreement should be read into the bill of sale to impose an obligation on Cisco to deliver certain software.  We rejected that contention because:  (1) the bill of sale did not purport, either implicitly or explicitly, to incorporate the settlement agreement; and (2) since the language of the bill of sale was clear, we would not look to other contemporaneous documents to interpret the contract.

2

We likewise conclude here that the settlement agreement cannot be used to impose an attorneys' fees obligation on Systems where no such obligation is contained in the bill of sale, absent explicit incorporation of the settlement agreement or some ambiguity in the bill of sale. Cisco argues that "two instruments that relate to the same matter, are between the same parties, and are executed or created as part of substantially one transaction are interpreted as a single instrument." (Blue Br. 11.) This proposition comes from the California rules for interpreting contracts, which provide in part that "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civ. Code § 1642. But, as Cisco itself pointed out in the 06-12357 appeal, "[t]his provision . . . only applies where there is an ambiguity in a contract that requires explanation by reference to contemporaneously executed agreements." (06-12357 Red Br. 25) (citing Sonoma Falls Developers, LLC v. Nev. Gold & Casino, Inc., 272 F. Supp. 2d 919, 924 (N.D. Cal. 2003) (section 1642 "is applicable only if there is ambiguity concerning the interpretation of a contract")). Here, both parties agree that the bill of sale is unambiguous.

Despite that, Cisco argues, "attorneys' fee provisions in agreements also become part of writings referenced by such agreements." (Blue Br. 13.) Cisco's

argument, in other words, is that because the settlement agreement (which is not the contract at issue here) incorporates the bill of sale, then the attorneys' fee provision is incorporated into the bill of sale.

However, the two decisions Cisco cites in support of this proposition make clear that Cisco has this argument backwards. Only where the agreement at issue explicitly incorporates a second contract with an attorneys fees provision will the fees provision be enforced in a breach of contract action on the first contract. Cf. Republic Bank v. Marine Nat'l Bank, 53 Cal. Rptr. 2d 90, 93 (Ct. App. 1996) ("Under such circumstances, and in light of the incorporation by reference language, whatever else the combined sublease/master-lease package may have provided for, it certainly provided for attorney fees as delineated in the relevant clause in the master lease." (emphasis added)); Nevin v. Salk, 119 Cal. Rptr. 370, 374 (Ct. App. 1975) ("Inasmuch as the provisions of the notes and the security instruments were incorporated in the agreement, and made a part thereof, and inasmuch as the sale involved one piece of property and veterinary practice, the trial court properly concluded all the instruments formed a single contract and the fact the agreement itself contained no provision for payment of fees in the event of a lawsuit is of no consequence." (emphasis added)). Otherwise, the plain language rule controls. See Cal. Civ. Code § 1638 ("The language of a contract is to govern

4

its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

Here, as the district court explained, "the terms of the settlement agreement were not incorporated by reference in the bill of sale which was at issue in this action." (R3:177:2.) And "[t]he parties do not contest that the bill of sale itself contains no provision for fee shifting or payment of expenses related to any dispute." Id. Like the district court, we will not read an attorneys' fee provision into a contract where one plainly does not exist.

The district court's order denying Cisco's motion for attorneys' fees is affirmed.

**AFFIRMED.**